09-11514

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | | |
|---|---|---|
| PENN-STAR INSURANCE COMPANY | ) | CASE NO. 2:10-cv-587 |
| Three Bala Plaza East, Suite 300<br>Bala Cynwyd, Pennsylvania 19004 | ) | Judge ___________________ |
| Plaintiff, | ) | Magistrate Judge __________________ |
| v. | ) | |
| BARR BROS. PLASTERING CO., INC. | ) | |
| c/o Missouri Secretary of State<br>600 W. Main Street<br>Jefferson City, Missouri 65101 | ) | |
| And | ) | |
| SLATE ROCK CONSTRUCTION COMPANY, LTD. | ) | |
| 150 E. Broad Street, Suite 200<br>Columbus, Ohio 43215 | ) | |
| Defendants. | ) | |

**COMPLAINT OF PENN-STAR INSURANCE COMPANY FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, Penn-Star Insurance Company (hereinafter “Penn-Star”), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment avers as follows:

**THE PARTIES**

1. Penn-Star is an insurance company duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 3 Bala Plaza East, Suite 300, Bala Cynwyd, Pennsylvania, 19004.

2. Penn-Star conducts business and issues insurance policies in States including Missouri and Ohio.

3. Defendant Barr Bros. Plastering Co., Inc. ("Barr Bros.") is, upon information and belief, a statutorily dissolved corporation formerly organized and existing under the laws of the State of Missouri, with a last known address of 100 Holly Tree Lane, Farmington, Missouri 63640.

4. At all relevant times, Barr Bros. performed work in several states, including Ohio, Missouri, Pennsylvania, and North Carolina. Barr Bros. also maintained a location in Utica, Ohio for the purposes of storing business personal property, which was an insured location under a policy of insurance issued by Penn-Star. A copy of the Policy is attached hereto at Exhibit "A."

5. Defendant Slate Rock Construction Company, Ltd. ("Slate Rock") is, upon information and belief, incorporated under the laws of the State of Ohio, having a principal place of business located at 150 East Broad Street, Suite 200, Columbus, Ohio 43215.

**JURISDICTION**

6. Penn-Star brings this action pursuant to Civil Rule 57 and 28 U.S.C. §2201, *et. seq.*, for declaration of its rights and duties and the rights and duties of the defendants named herein under the Penn-Star policy.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332. The parties are citizens of different states, and the amount in controversy exceeds $75,000.00. In support of this are two letters sent to Penn-Star on behalf of Slate Rock, tendering defense and indemnification for claims asserted against Slate Rock in three lawsuits, attached hereto at Exhibits "B" and "C." As noted in Exhibit "C," Slate Rock asserts the claims for damages in the underlying litigation will likely exceed twenty million dollars ($20,000,000.00).

8. As this Complaint for Declaratory Judgment seeks a determination of the rights and obligations regarding the underlying litigation, pursuant to 28 U.S.C. §1332(a), this court has original jurisdiction over this action.

**UNDERLYING ALLEGATIONS AND CLAIMS**

9. Defendant Slate Rock is named as a defendant in three separate cases filed in Ohio and Pennsylvania. In turn, Slate Rock has named Barr Bros. as a third-party defendant or additional defendant in each case. A brief description of each case follows.

**The Easton Communities Case**

10. The case of *Easton Communities, LLC, et al. v. Slate Rock Construction Company, LTD.*, Case No. 09 CVH-01-1462, Franklin County Court of Common Pleas, Ohio, was filed January 30, 2009. The complaint alleges numerous claims, including claims of breach of contract and construction defects, at multiple residential apartment complexes by several plaintiffs against Slate Rock. Slate Rock was the general contractor on all of the projects.

11. Barr Bros. entered into two subcontract agreements with Slate Rock, on December 20, 2000, and January 22, 2002, to perform installation of exterior insulation finishing systems (EIFS) for two phases of construction of the Easton Commons projects (Phases I and II).

EIFS is a type of building product that provides exterior walls with an insulated finished surface and waterproofing, and is often referred to as "synthetic stucco."

12. On August 5, 2009, Slate Rock filed its Second Third-Party Complaint against numerous subcontractors retained for the projects, including Barr Bros, asserting claims of breach of contract, negligence, indemnity, contribution, breach of warranty and misrepresentation.

**The Yacht Club Communities Case**

13. The case of *Yacht Club Communities, LLC v. Slate Rock Construction Company, LTD.*, Case No. 08014721, Allegheny County Court of Common Pleas, Pennsylvania, was instituted by a Writ of Summons filed by Yacht Club Communities on July 22, 2008. The complaint alleges general construction defects and contractual claims against Slate Rock, the general contractor on the project.

14. Barr Bros. entered into a subcontract agreement with Slate Rock, on August 6th, 2001, to perform stone work at a multi-unit residential apartment complex known as Residence at the Docks, owned by Yacht Club Communities, LLC.

15. On July 29, 2008, Slate Rock filed a Praecipe for Writ to Join Additional Defendants, seeking joinder of numerous subcontractors including Barr Bros. Slate Rock raises causes of action against Barr Bros. for breach of contract, negligence, breach of express warranty, breach of implied warranty of reasonable workmanship, negligent misrepresentation, fraudulent misrepresentation, strict liability, breach of implied warranty of merchantability, indemnification, and contribution.

**The Pine Communities Case**

16. The case of *Pine Communities, LLC v. Slate Rock Construction Company, LTD.*, Case No. 08014719, Allegheny County Court of Common Pleas, Pennsylvania was instituted by Writ of Summons filed by Pine Communities on July 22, 2008.

17. Barr Bros. entered into a subcontract agreement with Slate Rock for the Pine Communities project on May 29, 2001. Per the subcontract agreement, Barr Bros. was to perform EIFS installation at a multi-unit residential apartment complex known as Christopher Wren Apartments owned by Pine Communities, LLC.

18. On July 29, 2008, Slate Rock filed a Praecipe for Writ to Join Additional Defendants, seeking joinder of numerous subcontractors including Barr Bros. Slate Rock raises causes of action against Barr Bros. for breach of contract, negligence, breach of express warranty, breach of implied warranty of reasonable workmanship, negligent misrepresentation, fraudulent misrepresentation, strict liability, breach of implied warranty of merchantability, indemnification, and contribution.

**PRESENTATION OF CLAIMS TO PENN-STAR**

19. On April 22, 2009, counsel for Slate Rock sent correspondence to Barr Bros., tendering defense and indemnification of the claims asserted against Slate Rock in the *Yacht Club Communities* and *Pine Communities* cases to Barr Bros. A copy of the letters are attached hereto at Exhibits "D" and "E," respectively.

20. On July 21, 2009, Penn-Star (through American Insurance Adjustment Agency, Inc., hereinafter "AIAA") sent two letters to Barr Bros. via certified mail, to the address listed for Barr Bros. on the Penn-Star policy, advising Penn-Star would agree to provide a defense to Barr Bros. in the Pennsylvania cases, subject to a reservation of rights under the terms of the Penn-

Star insurance policy.  A copy of the letters are attached hereto at Exhibits "F" and "G."  Both of these letters were returned to Penn-Star.  On December 3, 2009 Penn-Star (through AIAA) sent a letter to Barr Bros. acknowledging receipt of tender of defense and indemnification by Farmers Insurance Company, citing certain policy provisions, and reserving its right to investigate as well as all other rights under the insurance policy.  (Exhibit "H")

21.    On February 4, 2010, counsel for Slate Rock sent correspondence to Penn-Star tendering the defense and indemnification of Slate Rock in the *Easton Communities* case, asserting Slate Rock is an additional insured under the Penn-Star policy (See Exhibit "B").

22.    On February 11, 2010, counsel for Slate Rock sent correspondence to Penn-Star tendering the defense and indemnification of Slate Rock in the *Yacht Club Communities* and *Pine Communities* cases, asserting Slate Rock is an additional insured under the Penn-Star policy.  (See Exhibit "C")

23.    In response to the tender of defense and indemnification by Slate Rock, Penn-Star (through AIAA) sent correspondence to counsel for Slate Rock on June 1, 2010, advising Slate Rock is not an additional insured under the Penn-Star policy, and Penn-Star would not agree to accept defense and indemnification of Slate Rock in the underlying litigation in Ohio and Pennsylvania.  Copies of the letters sent to counsel for Slate Rock are attached hereto at Exhibits "I" and "J."

24.    On June 1, 2010, Penn-Star (through AIAA) sent a letter to Barr Bros. stating Penn-Star would provide a defense to Barr Bros. in the litigation pending in Ohio and Pennsylvania, subject to a reservation of rights, and also stating Penn-Star intended to file a declaratory judgment action.  A copy of this correspondence is attached hereto at Exhibit "K."

**THE PENN-STAR INSURANCE POLICY**

25. Between March 17, 2002 and March 17, 2003, Penn-Star had in effect a commercial package insurance policy, bearing number PAC6234063, issued to its insured, Barr Bros Plastering Co, Inc. A copy of the policy is attached hereto at Exhibit "A" (hereinafter "the Policy").

26. The Policy provides commercial general liability coverage, including coverage for claims of property damage caused by an "occurrence" which takes place during the policy period. An "occurrence" is defined by the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Policy defines "property damage" to include physical injury to tangible property, including all resulting loss of use of that property, as well as loss of use of tangible property that is not physically injured. The policy defines "your work" to mean:

> *21. "Your work" means:*
>
> *a. Work or operations performed by you or on your behalf; and*
>
> *b. Materials, parts or equipment furnished in connection with such work or operations.*
>
> *"Your work" includes:*
>
> *a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and*
>
> *b. The providing of or failure to provide warnings or instructions.*

27. The Commercial General Liability Coverage Form (CG 00 01 07 98) sets forth several relevant exclusions, including but not limited to the following:

> *2. Exclusions*
>
> *This insurance does not apply to:*
>
> *a. Expected Or Intended Injury*

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

*b. Contractual Liability*

*"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:*

*(1) That the insured would have in the absence of the contract or agreement; or*

*(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.*

***

*j. Damage To Property*

*"Property damage" to:*

*(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or*

*(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.*

***

*Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".*

*k. Damage To Your Product*

*"Property damage" to "your product" arising out of it or any part of it.*

*l. Damage To Your Work*

*"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".*

*This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*

*m. Damage To Impaired Property or Property Not Physically Injured*

*"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*

*(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*

*(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*

*This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.*

*n. Recall of Products, Work or Impaired Property*

*Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:*

*(1) "Your product";*

*(2) "Your work"; or*

*(3) "Impaired property";*

*If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.*

*This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.*

28. The Penn-Star policy also includes Form S2047 (04/96), Exclusion – Property Damage Claims in Progress, which excludes coverage for the following:

*This policy will not provide coverage, meaning indemnification or defense costs, arising out of:*

1. *Any claim for;*

   *(A) Property damage which occurred prior to the inception date of this policy, or*

   *(B) Property damage which occurred prior to the inception date of this policy and which continued or progressed after the inception date.*

2. *Any claim for property damage which is in the process of litigation, adjustment or settlement as of the inception date of this policy.*

29. The Policy also includes Form S2002 (02/95), Combined Provisions Endorsement, which excludes coverage for the following:

> *Punitive Damages Exclusion*
>
> *It is part of the conditions of this policy that the Company shall not be liable for any damages awarded against an insured as punitive or exemplary damages.*
>
> *Asbestos Exclusion*
>
> *****
>
> *Earth Movement Exclusion*
>
> *****

30. The Policy also includes Form S2068 (11/01), Exclusion – Mold, Fungus, Bacteria, Virus and Organic Pathogen, which excludes coverage for the following:

> *This insurance does not apply:*
>
> 1. *to "bodily injury", "property damage", or "personal and advertising injury" which directly, indirectly out of or as a consequence of, would not have occurred in whole or in part but for the actual, alleged or threatened inhalation, ingestion, contact with, exposure to, discharge, dispersal, seepage, migration, release or escape of any "organic pathogen."; ****

31. The Policy also includes Form S2041 (02/94), Limitation of Coverage to Designated Classification of Operations, which modifies coverage under the policy as follows:

> *This insurance applies only to "bodily injury," "property damage," "personal injury," "advertising injury" and medical expenses arising out of only those*

*operations designated, listed and described in the Declarations, under 4. Classification.*

32. Defendant Slate Rock is not listed as an additional insured under the Policy.

**INSURANCE COVERAGE ISSUES**

33. Penn-Star maintains there is no coverage available to its insured under the Policy for any of the claims asserted in the underlying litigation by defendant Slate Rock. Pursuant to the terms and conditions of the property damage liability coverage, including exclusions contained therein, Penn-Star asserts it has no duty to defend or to indemnify Barr Bros. in connection with such claims asserted by Slate Rock in the underlying cases currently pending before courts in Ohio and Pennsylvania.

34. Slate Rock has tendered defense and indemnification of the claims asserted against them to Penn-Star seeking coverage under the commercial general liability coverage part of the Penn-Star policy, asserting they are an additional insured under the Policy.

35. Slate Rock is not an additional insured under the Policy, and Penn-Star is not obligated to provide Slate Rock a defense or indemnification.

36. Penn-Star requests this court to issue a declaration of rights and duties of the parties under the policy with respect to the claims asserted by Slate Rock against Barr Bros., Penn-Star's insured, in the underlying litigation.

37. Penn-Star requests this court to issue a declaration of rights and duties of the parties under the policy with respect to Slate Rock's tender of defense and indemnification to Penn-Star in the underlying litigation.

WHEREFORE, Penn-Star Insurance Company seeks a declaratory judgment from this court that it has no duty to defend or indemnify Barr Bros. with respect to the claims asserted against them by Slate Rock in the underlying state court litigation. Penn-Star also seeks a

declaratory judgment from this court that it has no duty to defend or indemnify Slate Rock in the underlying state court litigation.  Penn-Star further seeks any other relief to which it may be entitled.

Respectfully submitted,

/s/ James P. Nolan, II, Esq.
James P. Nolan, II, Esq. (0055401)
Jonathan C. Lippert, Esq. (0079801)
SMITH, ROLFES & SKAVDAHL CO., L.P.A.
600 Vine Street, Suite 2600
Cincinnati, Ohio  45202
(513) 579-0080 - Telephone
(513) 579-0222 - Facsimile
jnolan@smithrolfes.com
jlippert@smithrolfes.com
ATTORNEYS FOR PLAINTIFF, PENN-STAR
INSURANCE COMPANY