IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PENN-STAR INSURANCE COMPANY,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:10-CV-587 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| **BARR-BROS. PLASTERING CO.,** | : | Magistrate Judge Elizabeth Preston-Deavers |
| | : | |
| **INC.,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Plaintiff Penn-Star Insurance Company's Motion for Default Judgment against Defendant Bar Bros. Plastering Co., Inc. (Doc. 21). For the reasons that follow, the Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

Barr Bros. Plastering Co., Inc. ("Barr Bros.") is a statutorily dissolved former corporation that performed construction work. Slate Rock Construction Company, Ltd. ("Slate Rock") is an Ohio corporation also involved in construction. Slate Rock was the general contractor on three projects relevant to this suit: the Easton Communities project in Ohio; the Yacht Club Communities project in Pennsylvania; and the Pine Communities project in Pennsylvania. Slate Rock entered into a subcontractual agreement with Barr Bros. in which Barr Bros. was to perform installation of exterior insulation finishing systems on the Easton Communities project and the Pine Communities project and to perform stone work on the Yacht Club project. The clients in each of those three projects filed suit in state courts in Ohio and Pennsylvania,

respectively, against Slate Rock for construction defects and contractual claims. Slate Rock then asserted third-party claims against Barr Bros. in all three cases.

As part of its subcontracting agreement with Slate Rock, Barr Bros. agreed to acquire comprehensive or commercial general insurance liability covering its work and to name Slate Rock as an additional insured on those policies. At all relevant times, Barr Bros.'s liability insurer was Penn-Star Insurance Company ("Penn-Star").

In 2009, Slate Rock tendered defense and indemnification to Barr Bros. for the claims against it in the above cases. Slate Rock also tendered defense and indemnification to Penn-Star as an additional insured under Barr Bros.'s insurance policy.

Penn-Star filed this declaratory judgment action on June 24, 2010 seeking a declaration (1) that it has no duty to defend or indemnify Barr Bros. with respect to the claims asserted against them by Slate Rock in the underlying state court litigation; and (2) that it has no duty to defend or indemnify Slate Rock in the underlying state court litigation (Doc. 1). Penn-Star asserts that it has no duty with respect to Barr Bros. because the claims Slate Rock has asserted against Barr Bros. are not covered claims. Penn-Star asserts that it has no duty with respect to Slate Rock because the claims Slate Rock has asserted against Barr Bros. are not covered claims and because Slate Rock was not named as an additional insured under Barr Bros.'s policy. The Parties dispute whether Barr Bros. named Slate Rock as an additional insured under its policy.

Slate Rock filed its answer on August 19, 2010 (Doc. 8). At that time, Slate Rock asserted a counterclaim for declaratory judgment, promissory estoppel, negligent misrepresentation, and bad faith against Penn-Star. Slate Rock also asserted a third-party

complaint against MJ Kelly Company, an insurance brokerage company, and James E. Adams, the president of MJ Kelly Company.

Summons was twice issued to Barr Bros., first on July 7, 2010 and again on September 7, 2010. On October 7, 2010, the clerk filed Proof of Service upon Barr Bros., indicating service had been perfected via certified mail and received on September 20, 2010. Penn-Star filed a Request for Entry of Default on November 5, 2010 that was granted on November 8, 2010 (Docs. 19 & 20). On November 17, 2010, Penn-Star filed the instant Motion for Default Judgment (Doc. 21). Slate Rock has submitted its opposition to the Motion (Doc. 23), and the matter is now ripe for decision.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 55(b)(2) permits the Court, in its discretion, to enter default judgment following the entry of default. As Plaintiff notes, courts do sometimes grant default judgment in declaratory judgment actions involving the question of coverage under insurance policies. *See, e.g., Freeman v. State Farm Mut. Auto Ins. Co.*, 436 F.3d 1033 (8th Cir. 2006); *Alea London Ltd. v. Oxendine*, Case No. 7:09-CV-165-FL, 2010 U.S. Dist. LEXIS 94187 (E.D.N.C. Sept. 9, 2010); *Owners Ins. Co. v. James,* 295 F. Supp.2d 1354 (N.D. Ga. 2003); *Hartford Acci. & Indem. Co. v. Smeck*, 78 F.R.D. 537 (E.D. Pa. 1978). In cases involving multiple defendants, however, "courts frequently prefer to delay the default judgment against defaulting defendants until the claims against the nondefaulting defendants are resolved" in order to avoid inconsistent judgments. 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.36[1] (3d ed.); *see also Kimberly v. Coastline Coal* Corp., 857 F.2d 1474, 1988 (6th Cir. Ky. 1988) (table); *State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F. Supp. 958, 961 (S.D. Ind.1990);

*Liberty Mut. Ins. Co. v. Petit*, Case No. 2:09-cv-111, 2009 U.S. Dist. LEXIS 91626 (S.D. Ohio Oct. 1, 2009); *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L. Ed. 60 (1872).

In the case *sub judice*, Penn-Star argues that a default judgment against Barr Bros. would not prejudice Slate Rock's defense or counterclaim. This is simply not the case. A judgment against Barr Bros. would necessarily involve a declaration that the claims by Slate Rock against Barr Bros. are not covered claims under the terms of Barr Bros.'s insurance policy with Penn-Star. If this is true, then Penn-Star owes no duty to Slate Rock regardless of whether Slate Rock is an additional insured under the policy. The interdependence of the claims against Slate Rock and Barr Bros. raises the possibility of reaching inconsistent judgments and weighs against issuing default judgment at this time.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Penn-Star's Motion for Default Judgment as to Barr Bros. **WITHOUT PREJUDICE** to refiling once the claims against the non-defaulting defendant have been resolved.

**IT IS SO ORDERED.**

s/Algenon L. Marbley  
**Algenon L. Marbley**  
**United States District Court Judge**

**DATED: February 28, 2011**