**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PENN-STARR INSURANCE**
**COMPANY,**

        **Plaintiff,**

                                   **Civil Action 2:10-cv-00587**
**v.**                                 **Judge Algenon L. Marbley**
                                 **Magistrate Judge E.A. Preston Deavers**

**BARR BROS. PLASTERING CO.,**
**INC.,** *et al.*,

        **Defendants.**

**<u>OPINION AND ORDER</u>**

This matter is before the Court for consideration of Plaintiff's Motion to Bifurcate Discovery (ECF No. 25).  Plaintiff Penn-Star Insurance Company ("Penn-Star") specifically requests that the Court stay discovery on Defendant Slate Rock Construction Company LTD.'s ("Slate Rock") extra-contractual claims until after the Court issues a ruling as to the underlying insurance coverage dispute.  For the reasons that follow, the Court **DENIES** Penn-Star's Motion to Bifurcate Discovery.

**I.  BACKGROUND**

Penn-Star insured Defendant Barr Bros. Plastering Co., Inc. ("Barr Bros."), which allegedly performed defective work on three construction projects.  Slate Rock is named as a defendant in three separate cases filed in Ohio and Pennsylvania related to the defective construction work.  In turn, Slate Rock named Barr Bros as a third-party defendant or additional defendant in each case.  Slate Rock sent correspondence to Barr Bros., tendering defense and indemnification of the claims asserted against it in the three lawsuits.  Slate Rock subsequently

sent correspondence to Penn-Star tendering the defense and indemnification, asserting that Slate Rock is an additional insured under the Penn-Star insurance policy with Barr Bros.  Penn-Star advised Slate Rock that it is not an additional insured under the policy, and that it would not agree to accept defense and indemnification of Slate Rock in the underlying litigation.  Penn-Star seeks a declaratory judgment regarding its duty under the insurance policy to defend Slate Rock.

Slate Rock, in response, filed a counterclaim against Penn-Star, which includes a claim that Penn-Star denied insurance coverage in bad faith.[1]  Slate Rock also filed a Third-Party Complaint against M.J. Kelly Company and James E. Adams, insurance brokers, who allegedly issued a certificate of insurance to Slate Rock on behalf of Penn-Star.  Slate Rock also brings claims against the third-party defendants for promissory estoppel and negligent misrepresentation.

Penn-Star maintains bifurcation of discovery is justified because the merits of Plaintiff's bad faith claim and other extra-contractual claims depend on resolution of the insurance coverage issues.  (Mot. Bifurcate 2–3.)  Penn-Star also emphasizes that Slate Rock has already submitted discovery requests for documents that implicate its bad-faith claim and are subject to the attorney-client privilege and work-product doctrine.  (*Id.* at 3.)  Penn-Star highlights Slate Rock's requests that call for discovery on matters such as communications between Penn-Star and American Insurance Adjustment Agency; communications between Penn-Star and its Missouri counsel; a complete copy of the claim file; and all of Penn-Star's analyses of coverage and coverage opinions.  (*Id.* at 3; *see also* Request Production Docs., ECF No. 25–2.)

Slate Rock opposes Penn-Star's Motion to Bifurcate.  Slate Rock maintains that the

---

[1]  Slate Rock's Counterclaim also contains claims for promissory estoppel and negligent misrepresentation against Penn-Star.  (Countercl. ¶¶ 33–48, ECF No. 8.)

2

insurance coverage issues involve the same documents and witnesses as Slate Rock's bad faith, promissory estoppel, and negligent misrepresentation claims. (Mem. Opp'n Mot. Bifurcate 2, ECF No. 29.) Slate Rock contends that Penn-Star has failed to demonstrate that prejudice would result from a denial of bifurcation, and, specifically, how disclosure of otherwise privileged information would prejudice it as to the coverage claim. (*Id.* at 5–8.) Finally, Slate Rock maintains that bifurcation is not in the interests of judicial economy for various reasons, including that Slate Rock will be forced to expend additional time and resources if discovery is bifurcated. (*Id.* at 8–9.)

### III.  STANDARD OF REVIEW AND APPLICABLE LAW

The decision whether to bifurcate discovery with respect to Slate Rock's bad faith and other extra-contractual claims is within the sound discretion of the Court. *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 WL 1032018, at *3 (S.D. Ohio 2010); *see also Warren v. Fed. Ins. Co.*, 358 F. App'x 670, 676 (6th Cir. 2009) (applying an abuse of discretion standard in reviewing the bifurcation of discovery for a plaintiff's bad faith insurance claim). In applying this discretion, the Court "must take into account the benefits and detriments to each party's interest which a stay would occasion, and it must take into account the Court's interest in reaching a just, speedy and efficient resolution of the issues raised by the pleadings." *Woods*, 2010 WL 1032018, at *3.

The United States Court of Appeals for the Sixth Circuit has held that it is reasonable for a district court to bifurcate a plaintiff's bad faith claim, "[b]ecause the merits of the bad faith claim depended on whether coverage was properly or improperly denied . . . ." *Warren*, 358 F. App'x at 676; *see also Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). Nevertheless, as this Court has emphasized, "[t]here is no absolute rule that a coverage claim

3

should always be bifurcated from a bad faith claim." *Gen. Elec. Credit Union v. Nat'l Fire Ins. of Hartford*, No. 1:09-cv-143, 2009 WL 3210348, at *2 (S.D. Ohio 2009); *see also Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-CV-1285, 2008 WL 4823069, at *3 (S.D. Ohio Nov. 3, 2008). Rather, this Court has provided:

> [Federal] courts have instead considered whether bifurcation or a stay is appropriate according to the circumstances in each individual case. *Maxey v. State Farm Fire & Cas. Co.*, 569 F.Supp.2d 720, 723 (S.D. Ohio 2008). A [party] cannot rely on mere assertions that permitting discovery on the bad-faith claim will prejudice its ability to defend the underlying coverage claim; a specific showing is required. *See* [*Bondex Int'l, Inc. v. Hartford Accident & Indemn. Co.*, No. 1:03-CV-1322, 2004 U.S. Dist. LEXIS 28795 at *14 n.6 (N.D. Ohio Feb. 19, 2004)]; *Gaffney v. Federal Ins. Co.*, No. 5:08-CV-76, 2008 U.S. Dist. LEXIS 64450 at *5-6, 2008 WL 3980069 (N.D.Ohio Aug.21, 2008). Similarly, a [party] may not rely on the mere possibility that resolution of the coverage issue may preclude [a] bad-faith claim. *See Gen. Elec. Credit Union v. Nat'l Fire Ins.*, No. 1:09-CV-143, 2009 U.S. Dist. LEXIS 96085 at *15, 2009 WL 3210348 (S.D. Ohio Sep. 30, 2009). Where defendants have not sustained their burden of proof, motions to bifurcate and to stay have been denied.

*Woods*, 2010 WL 1032018, at *3 (holding that, despite the plaintiff's intent to seek privileged information, bifurcation was premature when the defendant did not offer any specific showing as to how it would be prejudiced on the underlying coverage claim); *see also Wolkosky v. 21st Century Centennial Ins. Co.*, No. 2:10-cv-439, 2010 WL 2788676, at *4 ("[A] defendant must make a specific showing that discovery will prejudice its defense."); *Gen. Elec. Credit Union*, 2009 WL 3210348, at *5 ("[I]n the instant case, Defendant has not yet shown, beyond mere assertions, how the information requested by Plaintiff would impact Defendant's ability to defend the coverage claim.")

## III.  ANALYSIS

In this case the Court finds that Penn-Star has failed to demonstrate that bifurcation of discovery is approriate.  In its briefing Plaintiff rests primarily on the notion that resolution of the coverage dispute may preclude Slate Rock's bad faith claim.[2]  Nevertheless, as detailed above, this argument is generally not sufficient to justify bifurcation.  *Woods*, 2010 WL 1032018, at *3; *see also Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) ("[The] defendants rely solely on the fact that they have a motion for summary judgment pending, but the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.").  Penn-Star provides some examples of Slate Rock's discovery requests that implicate the attorney-client privilege.  Penn-Star, however, does not specifically indicate whether, or how, providing such information will prejudice it with regards to defending on the coverage dispute.  Furthermore, the Court finds it likely, as Slate Rock contends, that the insurance coverage issues in this case involve the same documents and witnesses relevant to Slate Rock's extra-contractual claims.  Accordingly, Slate Rock could potentially suffer prejudice, in having to revisit discovery, if bifurcation is allowed.

In summary, the Court finds that it has insufficient information to justify bifurcation of discovery at this time.  To the extent Slate Rock seeks documents protected by either the attorney-client privilege or work-product doctrine, Penn-Star may challenge such requests pursuant to the Federal Rules of Civil Procedure or S.D. Ohio Civ. R. 37.1.  *See Woods*, 2010

---

[2] Penn-Star also requests a discovery stay as to Slate Rock's negligent misrepresentation and promissory estoppel claims.  (Mot. Bifurcate 3–4.)  Penn Star's briefing, however, focuses on Slate Rock's bad faith claim.

WL 1032018, at *4; *see also Steinberger v. State Farm Auto. Ins.*, No. 3:10-cv-015, 2010 WL 3603791, at *4 (S.D. Ohio Sept. 9, 2010) ("Under Fed.R.Civ.P. 26(b)(5), Defendants may, in their response to discovery requests, expressly claim the privilege as to certain identified documents or information and describe in sufficient detail to permit assessment of the claim, first by opposing counsel and then, if necessary, by the Court."). If necessary, Penn-Star may request that the Court conduct an *in camera* review of disputed documents. *See Ferro Corp. v. Continental Cas. Co.*, No. 1:06CV1955, 2008 WL 5705575, at *2 (N.D. Ohio 2008). If, as discovery proceeds, and after *in camera* review of any disputed documents, it becomes clear that discovery on the bad faith claim will prejudice Penn-Star's ability to litigate the coverage dispute, the Court will revisit the possibility of bifurcation.

## IV. CONCLUSION

For the foregoing reasons, Penn-Star's Motion to Bifurcate Discovery (ECF No. 25) is **DENIED**.

**IT IS SO ORDERED.**

March 31, 2011                                    /s/ *Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge

6